IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff-Respondent,<br><br>v.<br><br>RANDY PLATT,<br><br>　　Defendant-Movant. | )<br>)<br>)<br>)<br>)　Case No. CR-18-172-D<br>)　(Case No. CIV-24-1208-D)<br>)<br>)<br>)<br>) |

# ORDER

Before the Court is Defendant Randy Platt's *pro se* filing [Doc. No. 45], which the Court will construe as a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 (the "Motion").[1] The Motion asserts two grounds for relief:

- The Tenth Circuit's recent decision in *United States v. Devereaux*, 91 F.4th 1361 (10th Cir. 2024), in which the court held that 18 U.S.C. § 113(a)(6) does not categorically qualify as a crime of violence under the force clause, renders Defendant's sentence erroneous; and

- The collateral attack waiver in Defendant's plea agreement is unenforceable.[2]

The government filed a Response [Doc. No. 48] in opposition to the Motion. For the reasons that follow, the Court finds that no hearing is needed, and the Motion should be dismissed on the existing record.[3]

---

[1] Although Defendant used the Court's form for habeas petitions filed pursuant to § 2254, Defendant makes clear, and the government acknowledges, that he seeks relief under § 2255.

[2] As the government correctly notes, Defendant did not enter into a plea agreement with the government. Therefore, there is no collateral attack waiver subject to enforcement, and, to the extent necessary, the Court rejects Defendant's argument without further analysis.

[3] No evidentiary hearing is needed where the existing record conclusively shows the defendant is not entitled to relief. *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996).

## BACKGROUND

After he was sentenced to 70 months in federal custody for being a felon in possession of a firearm and bank robbery in the District of Utah, Defendant was held at the Federal Transfer Center ("FTC") in Oklahoma City. While detained at the FTC, and awaiting transfer to FCI Beaumont, Defendant brutally beat another inmate. As a result of the beating, Defendant was charged in an Indictment [Doc. No. 1] with one count of assault with serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). On September 6, 2018, Defendant entered a plea of guilty [Doc. No. 20], which the Court ultimately accepted [Doc. No. 19].

Before sentencing, the Probation Office prepared a Final Presentence Investigation Report [Doc. No. 23] ("PSR"). Based on the instant assault under § 113(a)(6), a prior federal bank robbery conviction, and prior Utah robbery conviction, the PSR recommended sentencing Defendant as a career offender. PSR, ¶¶ 26, 32, 38. Defendant objected to the career-offender enhancement, but the Court overruled the objection and sentenced him to imprisonment for a term of 77 months, to run consecutively to the undischarged portion of his federal bank robbery sentence [Doc. No. 30].

Defendant appealed his sentence, arguing that the Court "erred in classifying his prior Utah robbery conviction as a 'crime of violence' under § 4B1.1 of the United States Sentencing Guidelines . . . ." *United States v. Platt*, 807 F. App'x 804, 805 (10th Cir. 2020). In affirming the sentence, the Tenth Circuit held that Defendant's Utah robbery statute "falls within the uniform generic definition of robbery, and thus is a 'crime of violence' under § 4B1.2(a)(2)." *Id.* at 808. Therefore, the court continued, Defendant was "properly

sentenced as a career offender under § 4B1.1." *Id.* As the government notes, Defendant did not challenge the use of his assault conviction in this case as a qualifying offense under § 4B1.2(a).

## DISCUSSION

**I.    Because he failed to do so on direct appeal, Defendant is procedurally barred from raising the inclusion of his assault conviction in the § 2255 context.**

The government first argues that, because Defendant did not raise the inclusion of his assault conviction as an issue on direct appeal, he is barred from doing so here. Gov't Resp. at 4.[4] Further, the government contends that Defendant does not make either showing required to excuse his procedural default. *Id.* at 4-5.

"When a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (quoting *United States v. Hollis,* 552 F.3d 1191, 1193–94 (10th Cir. 2009)) (internal quotation marks omitted). "This procedural bar . . . applies to a defendant's collateral attack on his sentence, just as it does to an attack on his conviction." *United States v. Allen,* 16 F.3d 377, 378 (10th Cir. 1994). "The fundamental miscarriage of justice exception to procedural default is a markedly narrow one, implicated only in extraordinary case[s] where a constitutional violation has probably resulted in the

---

[4] Citations to the parties' filings reference the Court's CM/ECF page number at the top of each page.

3

conviction of one who is actually innocent." *McGaughy*, 670 F.3d at 1159 (quoting *Magar v. Parker,* 490 F.3d 816, 820 (10th Cir. 2007)) (internal quotation marks omitted).

Here, there is no question that Defendant failed to raise the inclusion of his assault conviction as an issue on direct appeal. The question thus becomes whether Defendant can "show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.* The Court finds that he cannot.

As best the Court can tell, Defendant does not attempt to show cause excusing his failure to raise the issue on direct appeal. Instead, Defendant contends that he is actually innocent of being a career offender. *See* Def.'s Mot. at 5. However, Defendant appears to misunderstand the meaning of "actual innocence," as that phrase is used in establishing the fundamental miscarriage of justice exception. *See McGaughy*, 670 F.3d at 1159. As the government notes, the Tenth Circuit "does not recognize actual innocence in the sentencing context, except in capital sentences." Gov't Resp. at 5 (quoting *United States v. Pullen*, 913 F.3d 1270, 1283 n.13 (10th Cir. 2019)).

For these reasons, the Court finds that Defendant failed to raise the inclusion of his assault conviction as an issue on direct appeal, and he cannot "show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or . . . that a fundamental miscarriage of justice will occur if his claim is not addressed." *McGaughy*, 670 F.3d at 1159.

## II. Plaintiff's Motion is untimely.

The government next argues that, even if Defendant's claim is not procedurally barred, it is untimely. 28 U.S.C. § 2255(f) provides that a "1-year period of limitation shall apply to a motion under this section." Subsection (f) goes on to provide four potential dates from which the limitations period could run, the latest of which applies. Two of those dates are relevant here.

First, 2255(f)(1) requires a defendant to file a § 2255 motion within one year of "the date on which the judgment of conviction becomes final." "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Second, 2255(f)(4) requires a defendant to file a § 2255 motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Here, the Supreme Court denied Defendant's petition for a writ of certiorari on October 13, 2020. 10/13/2020 Letter [Doc. No. 44]. Therefore, under § 2255(f)(1), Defendant had until October 13, 2021 to file a § 2255 motion, which he did not do. Defendant's Motion is untimely under § 2255(f)(1).

Likely realizing his potential timeliness issue, Defendant invokes § 2255(f)(4). He argues that he was instead required to file a § 2255 motion within one year of the Tenth Circuit's February 6, 2024 decision in *Devereaux*—i.e., February 6, 2025. Although Defendant filed the Motion before February 6, 2025, "a change or clarification in existing law is not a fact that opens the one-year limitations window." *United States v. Thompson*,

5

No. 21-6060, 2022 WL 245946, at *1 (10th Cir. Jan. 27, 2022) (rejecting defendant's argument that his § 2255 motion was timely filed under § 2255(f)(4) based on his learning of the Tenth Circuit's decision in *United States v. Cantu*, 964 F.3d 924 (10th Cir. 2020)); *see also United States v. Silas*, 773 F. App'x 1040, 1041 (10th Cir. 2019) ("He brings the motion solely based on this court's publication of United States v. O'Connor, 874 F.3d 1147 (10th Cir. 2017). Silas argues that relevant facts were not available to him until this court's decision in O'Connor, and therefore his petition is timely under § 2255(f)(4). But he does not specify what facts from his own case he did not know before this court's decision in O'Connor that prevented him from arguing Hobbs Act Robbery is not a violent crime under the Guidelines.").

Based on the above, the Court finds that the Tenth Circuit's decision in *Devereaux* was not a "fact" that triggered a new one-year limitations period. Defendant's Motion is, therefore, untimely under § 2255(f)(4) too.

## CONCLUSION

For the reasons set forth in detail above, Defendant failed to raise the inclusion of his assault conviction as an issue on direct appeal, and he cannot show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or that a fundamental miscarriage of justice will occur if his claim is not addressed. Additionally, Plaintiff's Motion was untimely filed under 28 U.S.C. § 2255(f).

**IT IS THEREFORE ORDERED** that Defendant Randy Platt's *pro se* Motion to vacate, set aside, or correct his sentence [Doc. No. 45], filed pursuant to 28 U.S.C. § 2255, is **DISMISSED**. A separate judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only if Defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court dismisses a § 2255 motion on procedural grounds without reaching the merits, the movant must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is **DENIED**, and the denial shall be included in the judgment.

**IT IS SO ORDERED** this 7th day of February, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge