IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-18-172-D |
| | ) | |
| RANDY PLATT, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Defendant Randy Platt's *pro se* Motion for Compassionate Release [Doc. No. 51]. The United States has responded in opposition [Doc. No. 58]. Defendant did not file a reply, and his deadline to do so has expired. The Motion is, therefore, fully briefed and at issue.

## BACKGROUND

On September 6, 2018, Defendant pleaded guilty to the charge of assault with serious bodily injury in violation of 18 U.S.C. § 113(a)(6). [Doc. Nos. 19 & 20]. On April 15, 2019, the Court sentenced him to 77 months imprisonment to be served consecutively to his prior sentence. [Doc. Nos. 29 & 30]. On November 18, 2024, Defendant unsuccessfully moved for relief from his sentence pursuant to 28 U.S.C. § 2255. [Doc. Nos. 45 & 49-50].

On June 16, 2025, Defendant filed the instant motion requesting the Court reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A) because his sentence is allegedly an unusually long sentence. [Doc. No. 51]. Moreover, Defendant asserts that a

reduction in his sentence is warranted because he has served over ten years of his sentence, and has served the majority of his sentence in solitary confinement. *Id.* at p. 3-5. The government objects to a reduction in Defendant's term of imprisonment because Defendant has not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). [Doc. No. 58].

## STANDARD OF DECISION

"[I]t is well-settled that a district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (internal quotation omitted); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). One statutory grant of authority permits a district court to reduce a term of imprisonment "upon motion of the defendant" if the court finds that "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i). A defendant may file a motion only after he has fully exhausted his administrative remedies or "the lapse of 30 days from the receipt of such a request [to file a motion on a defendant's behalf] by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Defendant requests compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the length of his sentence, and because he has served most of his sentence in solitary confinement. [Doc. No. 51]. However, the government urges the Court to dismiss Defendant's Motion for lack of jurisdiction because he has not satisfied the precondition

to filing a motion. [Doc. No. 58]. Indeed, the government has submitted a copy of an email response by BOP counsel stating there is no record of a written request for compassionate release as of August 5, 2025. [Doc. No. 58-1]. Moreover, Defendant has made no representation that he has submitted a written request for compassionate release to the warden of the facility in which he is incarcerated.

The Tenth Circuit has determined that § 3582(c)(1)(A)'s exhaustion requirement is not a jurisdictional matter. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021). Instead, it is a mandatory claim-processing rule that the government may waive or forfeit. *Id.* at 1030-31. But, when the "government invokes it," the court must enforce it. *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n. 2 (10th Cir. Oct. 19, 2021).

Because the government has invoked the claim processing rule here, Defendant's failure to show that he has satisfied the requirement of § 3582(c)(1)(A) forecloses judicial action. Indeed, Defendant does not allege or state any facts to establish a lapse of 30 days since he made a written request to the warden for a reduction in sentence under § 3582(c)(1)(A). Therefore, the Court finds that Defendant's Motion should be dismissed for failure to satisfy the prerequisite to an order for compassionate release.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release [Doc. No. 51] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 14th day of October, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge